IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALMA K. ALI,<br><br>  Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant.<br>_____/ | No. C 07-03628 JSW<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM ENTRY OF DEFAULT** |

Now before the Court is the motion for relief from entry of default filed by defendant Commissioner of Social Security. Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby GRANTS Defendant's motion for relief from entry of default.

**BACKGROUND**

On August 4, 2008, default was entered against Defendant. Defendant now moves for relief from entry of default.

**ANALYSIS**

**A.  Legal Standard**

Pursuant to Federal Rule of Civil Procedure 55(c), a court may set aside an entry of default for "good cause shown." In general, a more lenient standard is applied when determining whether to set aside an entry of default than is applied to vacating a default judgment. *See Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir.1986) (per curiam) ("The court's discretion is especially broad where . . . it is entry of default that is being

set aside, rather than a default judgment"). When exercising its discretion under Rule 55, the court's "underlying concern . . . is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). The overriding judicial goal of deciding cases correctly, on the basis of their legal and factual merits, is to be balanced out with the interests of both litigants and the courts in the finality of judgments. *See Pena v. Seguros La Comerical*, 770 F.2d 811, 814 (9th Cir. 1985).

**B.     Defendant's Motion.**

The Court considers the following factors when deciding whether to set aside the entry of default: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; and (3) whether reopening the default would prejudice the plaintiff. *See TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). The party seeking to invoke Rule 55(c) bears the burden of demonstrating that these factors favor setting aside the default. *Id.*

The Court finds that Defendant's conduct, while not the model of effective advocacy, does not qualify as "culpable." Although Defendant was certainly neglectful, it does not appear that he *intentionally* failed to answer. *See TCI Group Life* ("The usual articulation of the governing standard, oft repeated in our cases, is that a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer.") (internal quotes and citation omitted) (emphasis in original). Moreover, although Defendant certainly could have done more to demonstrate a meritorious defense, he appears to argue that the decision to deny Plaintiff benefits was not in error. Finally, the Court finds that Plaintiff would not be prejudiced by reopening the default and adjudicating this case on the merits. Therefore, the Court grants Defendant's motion for relief from entry of default.

///

///

///

///

### III.     CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion for relief from entry of default.

**IT IS SO ORDERED.**

Dated: October 3, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE